09-4492-pr
Hall v. Ekpe

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of October, two thousand ten.

PRESENT:   ROBERT D. SACK,
                       BARRINGTON D. PARKER,
                       REENA RAGGI,
                                   *Circuit Judges.*

----------------------------------------------------------------------------
DARRYL HALL,
                                   *Plaintiff-Appellant*,

                       v.                                                                No. 09-4492-pr

EKPE D. EKPE, Superintendent, Riverview Correctional Facility, JOHN CROWLEY, Deputy Superintendent for Programs, Riverview Correctional Facility; MARK LALONDE, Senior Coordinating Chaplain, Riverview Correctional Facility, B. BAKER, Mailroom Supervisor, Riverview Correctional Facility, MARK CHALOM, Medical Doctor, Riverview Correctional Facility,
                                   *Defendants-Appellees*.
----------------------------------------------------------------------------

FOR APPELLANT:                          Darryl Hall, *pro se*, Brooklyn, New York.

FOR APPELLEES:                          Andrew B. Ayers, Assistant Solicitor General
                                                    (Barbara D. Underwood, Solicitor General,
                                                    Denise A. Hartman, Assistant Solicitor General,

*on the brief*) *for* Andrew M. Cuomo, Attorney General of the State of New York, Office of the Attorney General, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on September 28, 2009, is AFFIRMED in part, and decision is RESERVED in part pending the Supreme Court's decision in Sossamon v. Texas, 560 F.3d 316 (5th Cir. 2009), cert. granted, 130 S. Ct. 3319 (U.S. May 24, 2010) (No. 08-1438).

Pro se plaintiff Darryl Hall appeals from an award of summary judgment in favor of defendants on his First Amendment claims, brought pursuant to 42 U.S.C. § 1983, for violation of his rights to free speech and free exercise of religion while a New York State prisoner, and his claims for violation of § 3 of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1. We review an award of summary judgment de novo. See Jova v. Smith, 582 F.3d 410, 414 (2d Cir. 2009); Havey v. Homebound Mortg., Inc., 547 F.3d 158, 163 (2d Cir. 2008). While we will not uphold the challenged judgment if the record evidence is sufficient to permit a reasonable jury to find for Hall, he must point to more than just a trace of evidence in support of such a finding. See Havey v. Homebound Mortg., Inc., 547 F.3d at 163; see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). In applying these principles, we assume the parties'

2

familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1.      First Amedment:  Free Speech

Hall contends that the district court erred in concluding that he failed to adduce sufficient evidence that defendants regularly and unjustifiably interfered with his privileged medical and legal mail in violation of his First Amendment right to free speech.[1]  See Johnson v. Goord, 445 F.3d 532, 534 (2d Cir. 2006) (recognizing prisoners' First Amendment right to "the free flow of incoming and outgoing mail" (internal quotation marks omitted)); Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003) (requiring inmate to show that prison officials "regularly and unjustifiably interfered with the incoming legal mail" to state a First Amendment claim (internal quotation marks omitted)).  We disagree.  The district court correctly determined that only three of the six mail openings alleged by Hall supported his claim:  the May 2006 opening of medical mail and the June and September 2007 openings

---

[1] As Hall does not maintain on appeal that defendants' interference with his mail violated his right of either access to the courts or privacy in his medical history, we deem these claims forfeited.  See LoSacco v. City of Middletown, 71 F.3d 88, 93 (2d Cir. 1995). In any event, they fail on the merits as Hall does not allege any interference with a pending legal proceeding, see Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003); see also Lewis v. Casey, 518 U.S. 343, 351 (1996), and evidence that a prison official disparaged him as a "nut case" is insufficient by itself to permit a reasonable trier of fact to find disclosure of any medical information, see Powell v. Schriver, 175 F.3d 107, 112 (2d Cir. 1999) (describing contours of prisoner's right to maintain confidentiality of previously undisclosed medical information).

3

of legal mail.[2]  In accordance with New York Department of Correctional Services ("DOCS") policy to identify and track inadvertent errors in handling privileged mail, all three pieces of Hall's mail were properly marked as "opened in error" before being delivered to him.  These circumstances are insufficient to permit a reasonable trier of fact to conclude that defendants "regularly and unjustifiably interfered" with Hall's incoming mail.  Accordingly, we affirm the award of summary judgment with respect to Hall's free-speech claim.

2.      First Amendment:  Free Exercise of Religion

Hall submits that the district court erred in concluding that his exclusion from formal prison Ramadan activities in September 2006 failed to support a First Amendment free-exercise claim.  It is undisputed that Hall was excluded pursuant to a prison policy that limited participation in formal Ramadan activities to observant Muslims as identified by the prison's Islamic chaplain.  The Islamic chaplain determined that to qualify as an observant Muslim, and therefore to participate in prison Ramadan activities, a prisoner was required to have attended at least three of the four Friday Jumu'ah prayer services immediately preceding Ramadan.  It is further undisputed that Hall did not satisfy this criteria.

The law is well established that "a generally applicable policy will not be held to violate a [prisoner's] right to free exercise of religion if that policy 'is reasonably related to

---

[2] Of the other three pieces of privileged medical mail at issue, two were improperly addressed to Hall, and had therefore been forwarded to Riverview's medical unit for processing.  The envelope of the remaining piece of medical mail was affixed with tape, but Hall produced no evidence that it had, in fact, been improperly opened.

4

legitimate penological interests.'" Redd v. Wright, 597 F.3d 532, 536 (2d Cir. 2010) (quoting O'Lone v. Estate of Shabazz, 482 U.S. 342, 349 (1987)); see also Turner v. Safley, 482 U.S. 78, 89 (1987). "This approach ensures the ability of corrections officials to anticipate security problems and to adopt innovative solutions to the intractable problems of prison administration, and avoids unnecessary intrusion of the judiciary into problems particularly ill suited to resolution by decree." O'Lone v. Estate of Shabazz, 482 U.S. at 349-50 (internal citation and quotation marks omitted). Thus, a prisoner mounting a free-exercise challenge "must show at the threshold that the disputed conduct substantially burdens his sincerely held religious beliefs." Salahuddin v. Goord, 467 F.3d 263, 274-75 (2d. Cir. 2006). "The defendants then bear the relatively limited burden of identifying the legitimate penological interests that justify the impinging conduct." Id. at 275. Once defendants carry this burden of production, "the burden remains with the prisoner to show that these articulated concerns were irrational." Id. (internal quotation marks and modifications omitted); see also Overton v. Bazzetta, 539 U.S. 126, 132 (2003) (observing that burden "is not on the State to prove the validity of prison regulations but on the prisoner to disprove it").

Hall's free-exercise claim fails at the third step of analysis, i.e., he cannot show that "the logical connection between the regulation and the asserted goal is so remote as to render the policy arbitrary or irrational." Turner v. Safley, 482 U.S. at 89-90. Defendants carried their burden of production by pointing to two valid penological interests that warranted

5

limiting Ramadan privileges to observant Muslim prisoners: (1) security by, <u>inter alia</u>, reducing unnecessary inmate movement; and (2) economy by minimizing unnecessary expenses associated with providing Ramadan privileges. Whatever questions might be raised as to the precision of the Islamic chaplain's particular test for identifying observant Muslims, Hall has not – indeed, cannot – show that either the test, or the prison decision to limit Ramadan privileges to observant Muslims, is so remote from the identified penological interests as to render the challenged policy arbitrary or irrational. That conclusion is only reinforced by evidence that defendants did not prohibit Hall from observing Ramadan by fasting and praying on his own and that, after Hall resumed regularly attending Jumu'ah services, he was again permitted to participate in formal prison Islamic activities, including the post-Ramadan fast of Shawwal.

Accordingly, we affirm the award of summary judgment with respect to Hall's First Amendment free-exercise claim.[3]

### 3. RLUIPA

___

[3] To the extent Hall sues defendants in their individual capacities, defendants would, in any event, be entitled to summary judgment on the ground of qualified immunity because, although it was clearly established at the time of the alleged violation that prison officials may not substantially burden the right of free exercise "without some justification," <u>Salahuddin v. Goord</u>, 467 F.3d at 276, it was not clearly established that security and financial concerns could not provide that justification for prisoners who had not demonstrated observance of their professed religion in a manner identified by the prison chaplain for that religion, see <u>Redd v. Wright</u>, 597 F.3d at 536. <u>See generally</u> <u>Pearson v. Callahan</u>, 129 S. Ct. 808, 815 (2009).

Hall further faults the district court's determination that defendants satisfied their "more rigorous" burden under RLUIPA of demonstrating that the "substantial burden" placed on his exercise of religion furthered "a compelling governmental interest" by the "least restrictive means." See 42 U.S.C. § 2000cc-1(a) & 2(b); Redd v. Wright, 597 F.3d at 537 n.3; Jova v. Smith, 582 F.3d at 415. Because the only relief Hall seeks is money damages, we reserve decision on this part of Hall's appeal pending the Supreme Court's resolution of the question of whether an individual may sue a state or a state official in his official capacity for money damages under RLUIPA. See Sossamon v. Texas, 560 F.3d 316 (5th Cir. 2009), cert. granted, 130 S. Ct. 3319 (U.S. May 24, 2010) (No. 08-1438). Indeed, because resolution of that question may also shed light on Hall's ability to sue defendants in their individual capacities for money damages under RLUIPA, see 42 U.S.C. § 2000cc-2(a) ("A person may assert a violation of this chapter as a claim or defense in a judicial proceeding and obtain appropriate relief against a government."); Nelson v. Miller, 570 F.3d 868, 889 (7th Cir. 2009) (declining to read Congress's permission to seek "appropriate relief against a government" in § 2000cc-2(a) as permitting damages claims under RLUIPA against prison officials in their individual capacities); Rendelman v. Rouse, 569 F.3d 182, 189 (4th Cir. 2009) (same); Sossamon v. Texas, 560 F.3d at 329 (same); Smith v. Allen, 502 F.3d 1255, 1275 (11th Cir. 2007) (same), as well as defendants' ability to claim qualified immunity under RLUIPA, see Redd v. Wright, 597 F.3d at 538 (affirming grant of qualified immunity under RLUIPA as well as First Amendment), we reserve decision on Hall's challenge to the award of summary judgment on his RLUIPA claim in its entirety.

7

4.    <u>Conclusion</u>

For the foregoing reasons, the September 28, 2009 judgment is AFFIRMED with respect to Hall's First Amendment free-speech and free-exercise claims, and decision is RESERVED with respect to Hall's appeal from an award of summary judgment on his RLUIPA claim.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

8