09-4492-pr
Hall v. Ekpe

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of July, two thousand eleven,

PRESENT:  ROBERT D. SACK,
          BARRINGTON D. PARKER,
          REENA RAGGI,
                    *Circuit Judges.*

--------------------------------------------------------------------------------
DARRYL HALL,
                    *Plaintiff-Appellant*,

                    v.                                          No. 09-4492-pr

EKPE D. EKPE, Superintendent, Riverview Correctional Facility, JOHN CROWLEY, Deputy Superintendent for Programs, Riverview Correctional Facility; MARK LALONDE, Senior Coordinating Chaplain, Riverview Correctional Facility, B. BAKER, Mailroom Supervisor, Riverview Correctional Facility, MARK CHALOM, Medical Doctor, Riverview Correctional Facility,
                    *Defendants-Appellees*.
--------------------------------------------------------------------------------

FOR APPELLANT:          Darryl Hall, *pro se*, Brooklyn, New York.

FOR APPELLEES:          Andrew B. Ayers, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Denise A. Hartman, Assistant Solicitor General, *on the brief*) *for* Andrew M. Cuomo, Attorney General of the State of New York, Office of the Attorney General, Albany, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on September 28, 2009, is AFFIRMED.

Darryl Hall, proceeding pro se, appeals from an award of summary judgment in favor of defendants on his claim for money damages for violation of § 3 of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1.[1] We review an award of summary judgment de novo, "construing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." Costello v. City of Burlington, 632 F.3d 41, 45 (2d Cir. 2011). We will uphold such an award only if the record reveals no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). In applying these standards, we assume the parties' familiarity with the facts and procedural history of the case.

Insofar as Hall's RLUIPA claim is asserted against defendants in their official capacities, dismissal of such claim is compelled by the Supreme Court's recent holding that "States, in accepting federal funding, do not consent to waive their sovereign immunity to private suits for money damages under RLUIPA." Sossamon v. Texas, 131 S. Ct. 1651, 1663 (2011).

---

[1] We previously affirmed the award of summary judgment to defendants on Hall's First Amendment free speech and free exercise claims. See Hall v. Ekpe, 408 F. App'x 385 (2d Cir. 2010) (summary order).

Although Sossamon did not address whether RLUIPA authorizes individual-capacity claims for damages, we do not reach that issue in this case because defendants are entitled to qualified immunity. See generally Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2080 (2011) ("Courts should think carefully before expending scarce judicial resources to resolve difficult and novel questions of constitutional or statutory interpretation that will have no effect on the outcome of the case." (internal quotation marks omitted)). In affirming the grant of summary judgment to defendants on Hall's First Amendment free exercise claim, we observed that

> defendants would, in any event, be entitled to summary judgment on the ground of qualified immunity because, although it was clearly established at the time of the alleged violation that prison officials may not substantially burden the right of free exercise "without some justification," Salahuddin v. Goord, 467 F.3d [263,] 276 [(2d Cir. 2006)], it was not clearly established that security and financial concerns could not provide that justification for prisoners who had not demonstrated observance of their professed religion in a manner identified by the prison chaplain for that religion, see Redd v. Wright, 597 F.3d [532,] 536 [(2d Cir. 2010)].

Hall v. Ekpe, 408 F. App'x 385, 388 n.3 (2d Cir. 2010) (summary order). The same result obtains with respect to the RLUIPA claim against defendants in their individual capacities. Hall can point to no relevant case law declaring (or even foreshadowing) that defendants' policy, or any substantially similar policy, was not the least restrictive means of furthering a compelling governmental interest and, thus, invalid under RLUIPA. See Redd v. Wright, 597 F.3d at 536; see also Ashcroft v. al-Kidd, 131 S. Ct. at 2083 (observing that "existing precedent must have placed the statutory or constitutional question beyond debate").

3

We have considered Hall's remaining arguments and conclude that they are without merit. For the foregoing reasons, the September 28, 2009 judgment is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court