# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2014

Lyle W. Cayce
Clerk

No. 13-40465
Summary Calendar

LEO L. PITTMAN-BEY,

　　　　　　　　　　Plaintiff-Appellant

v.

CASEY CELUM, Chaplain; IMAM OMAR SHAKIR, Dominguez SJD,

　　　　　　　　　　Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:10-CV-86

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

　　Leo L. Pittman-Bey, Texas prisoner # 718254, initially brought the present civil action against Kenneth Bright, the Warden of the Stevenson Unit (Stevenson) of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID); Diana Clay, the Assistant Warden of Stevenson; Casey Celum, the Chaplain of Stevenson; Imam Omar Shakir, the Regional Chaplain of the TDCJ-CID; and Bill Pierce, the Chaplaincy Director

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the TDCJ-CID.  Pittman-Bey raised claims pursuant to 42 U.S.C. § 1983 under the First, Eighth, and Fourteenth Amendments, and he also raised claims under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1(a).  Acting pursuant to consent jurisdiction prior to service of process on the defendants, the magistrate judge dismissed all of Pittman-Bey's claims against Warden Bright, Assistant Warden Clay, and Pierce, and he dismissed some of Pittman-Bey's claims against Celum and Shakir.  The district court subsequently granted summary judgment to Celum and Shakir on Pittman-Bey's remaining claims.

The basic facts of this case are relatively uncontested.  Pittman-Bey has been an inmate in the TDCJ-CID for many years, and he has been a practicing Muslim since he has been incarcerated.  He is incarcerated at the Stevenson Unit of the TDCJ-CID.  Pittman-Bey is a member of Hanafi School of Sunni Islam, and the doctrine of the Hanafi School at least arguably prohibits members from attending Jumu'ah Friday prayer services while incarcerated. For this reason, Pittman-Bey did not attend Jumu'ah Friday prayer services. Nevertheless, the tenets of Pittman-Bey's faith required Pittman-Bey, like all Muslims, to fast during daylight hours during the 30 days of Ramadan each year.

During Ramadan in 2009 and 2010, Pittman-Bey, despite his requests, was not allowed to participate in Ramadan activities, and he did not receive after sunset meals pursuant to a TDCJ-CID policy requiring inmates to participate in a certain number of Jumu'ah services in order to participate in Ramadan activities.  In Ramadan in 2011, Pittman-Bey received sack meals after sunset, but he did not receive hot meals after sunset like other Muslim inmates did, and he was not allowed to participate in any Ramadan activities.

No. 13-40465

Prior to Ramadan in 2012, the TDCJ-CID changed its policy, and it now allows all Muslim inmates to participate in Ramadan activities upon a timely request.

Pittman-Bey does not brief any challenges to the magistrate judge's dismissal of his claims for monetary damages against the defendants in their official capacities or his claims against Pierce, Warden Bright, and Assistant Warden Clay, and he does not brief any challenges to the grant of summary judgment to the defendants on his claims for monetary damages for emotional harm. Accordingly, Pittman-Bey has waived these issues. *See Geiger v. Jowers*, 404 F.3d 371, 373 n.6 (5th Cir. 2005).

For the first time in his reply brief, Pittman-Bey argues that 42 U.S.C. § 1997e(e) does not prevent him from receiving monetary damages for actual injuries for constitutional violations, nominal damages, or punitive damages; that his requests for injunctive and declaratory relief are not moot because no ruling has been made regarding whether the TDCJ-CID's former policy requiring Jumu'ah attendance in order to participate in Ramadan activities was constitutional; and that the district court erred by granting summary judgment to the defendants on his Fourteenth Amendment claims. As Pittman-Bey did not raise these issues in his initial brief, we do not consider them. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

Pittman-Bey states that he presents 10 issues for review, and the defendants argue that Pittman-Bey presents only four issues for review. All of Pittman-Bey's arguments, however, concern only two general issues: (1) whether the magistrate judge erred by implicitly dismissing Pittman-Bey's Eighth Amendment claims and (2) whether the district court erred by granting summary judgment to the defendants because the defendants were entitled to qualified immunity on Pittman-Bey's First Amendment claims for monetary damages.

No. 13-40465

The magistrate judge implicitly dismissed Pittman-Bey's Eighth Amendment claims for failure to state a claim or as frivolous upon initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). We review the dismissal of those claims de novo. *See Velasquez v. Woods*, 329 F.3d 420, 421 (5th Cir. 2003). The district court ruled that Celum and Shakir were entitled to qualified immunity on Pittman-Bey's First Amendment claims for monetary damages, and it granted them summary judgment on that basis. We review de novo a grant of summary judgment, applying the same standard as the district court. *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).

In the present case, Pittman-Bey did not allege that the defendants deprived him of sufficient food, only that they deprived him of sufficient food during the hours that he could eat based upon his religious beliefs. Thus, conceptually, Pittman-Bey's claims are First Amendment claims for the infringement of his right to the free exercise of religion, not Eighth Amendment claims for the denial of adequate food. As Pittman-Bey's failure to receive food was based on his failure to follow prison regulations concerning the receipt of food, Pittman-Bey failed to state a viable Eighth Amendment claim. *See Talib v. Gilley*, 138 F.3d 211, 214-15 (5th Cir. 1998). Furthermore, even if Pittman-Bey's allegations stated viable Eighth Amendment claims, the claims would not be separate from his First Amendment claims. In a federal civil rights action under § 1983, when a claim arises under multiple constitutional provisions, a court should analyze the claim under the most applicable constitutional provision. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989). As Pittman-Bey's claims concern his right to exercise his religious beliefs, the First Amendment standard is the appropriate standard. *See, e.g., Baranowski v. Hart*, 486 F.3d 112, 120-22 (5th Cir. 2007); *see also Conyers v. Abitz*, 416 F.3d

4

580, 586 (7th Cir. 2005).  The magistrate judge did not err by dismissing Pittman-Bey's Eighth Amendment claims.

An official enjoys qualified immunity from all damages unless his "conduct violated a clearly established constitutional right."  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  Once the defense of qualified immunity has been raised, the burden shifts to the plaintiff to show that it does not apply. *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 351 (5th Cir. 2012).  In assessing a qualified immunity defense, a court asks two questions: (1) "whether the facts that a plaintiff has alleged . . . or shown . . . make out a violation of a constitutional right," and (2) "whether the right at issue was clearly established at the time of defendant's alleged misconduct."  *Pearson*, 555 U.S. at 232 (internal quotation marks and citations omitted).  We need not consider the two prongs in any particular order.  *Id.* at 236.

When determining whether the constitutional right at issue was clearly established law, we should not "define clearly established law at a high level of generality." *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2084 (2011).  A case directly on point is not required, "but existing precedent must have placed the statutory or constitutional question beyond debate."  *Id.* at 2083.  To make this determination, we ask "whether the law so clearly and unambiguously prohibited the conduct that *every* reasonable official would understand that what he is doing violates the law."  *Wyatt v. Fletcher*, 718 F.3d 496, 503 (5th Cir. 2013).  "Answering in the affirmative requires the court to be able to point to controlling authority—or a robust consensus of persuasive authority—that defines the contours of the right in question with a high degree of particularity."  *Id.* (internal quotation marks and citation omitted).

It is at least arguable that there was clearly established law indicating that inmates requiring special meals to comply with their religious beliefs had

a right to those meals so long as there was no legitimate penological reason to deny the inmates those meals. *See Eason v. Thaler*, 14 F.3d 8, 10 (5th Cir. 1994). However, this is too high of a level of generality to determine whether the right asserted by Pittman-Bey was clearly established law. *See Wyatt*, 718 F.3d at 503. The more specific question raised in this case was whether it was clearly established law that a Muslim inmate who did not participate in Jumu'ah services had a right to participate in Ramadan activities and after sunset meals. None of the cases cited by Pittman-Bey show that there is clearly established law on this issue, and there is no controlling precedent on this issue. The little persuasive authority that exists on this issue is somewhat conflicting and does not constitute a robust consensus in favor of Pittman-Bey's position. *See Hall v. Ekpe*, 408 F. App'x 385, 387-88 (2d Cir. 2010); *Makin v. Colorado Dep't of Corr.*, 183 F.3d 1205, 1210-14 (10th Cir. 1999); *Logan v. Lockett*, No. 07-1759, 2009 WL 799749, at *6-*7 (W.D. Pa. Mar. 25, 2009) (unpublished); *Ali v. Maness*, No. 9:09-CV-179, slip op. at 1-20 (E.D. Tex. June 20, 2011) (unpublished) (report and recommendation of magistrate judge).

As there is neither controlling authority nor a robust consensus of persuasive authority showing that a Muslim inmate who did not participate in Jumu'ah services was entitled to participate in Ramadan activities and after sunset meals, the right asserted by Pittman-Bey was not clearly established law, and the district court correctly concluded that Celum and Shakir were entitled to qualified immunity. *See Wyatt*, 718 F.3d at 503. Accordingly, Pittman-Bey has not shown that the district court erred by granting summary judgment to the defendants.

AFFIRMED.