# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30291
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2015

Lyle W. Cayce
Clerk

DERRICK SCOTT,

Plaintiff-Appellant

v.

LONNIE NAIL; JAMIE FUSSELL; ANGIE HUFF; JAMES M. LEBLANC,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:10-CV-1776

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Derrick Scott, Louisiana prisoner # 126372, appeals the district court's grant of summary judgment for the defendants in this 42 U.S.C. § 1983 action. Scott alleged that he had been denied due process during a prison disciplinary proceeding when he was not allowed to call witnesses, that he was denied due process because the prison disciplinary rule at issue failed to provide fair warning that his conduct could result in a violation, and that the defendants'

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30291

denial of his request to call witnesses was in retaliation for previous litigation he had filed.

As an initial matter, Scott moved to strike the defendants' brief or for an extension of time to file a reply brief because he had not yet received a copy of the defendants' brief. Scott has submitted a proposed reply brief, which indicates that he did receive the defendants' brief; therefore, we deny his motion to strike. However, Scott's proposed reply brief was submitted almost two weeks after it was due, making it untimely. *See* FED. R. APP. P. 31(a)(1). Although Scott has requested an extension of time to file a reply, this court "greatly disfavors all extensions of time for filing reply briefs." 5TH CIR. R. 31.4.4. Scott's proposed reply brief effectively repeats the substantive arguments that he set forth in his primary brief. Because his reply brief would not assist in the resolution of the instant appeal, the motion for an extension of time to file a reply also is denied. *See* 5TH CIR. R. 31.4.4.

We review the district court's summary judgment dismissal de novo, under the same standards used by the district court. *See Hernandez v. Yellow Transp., Inc.,* 670 F.3d 644, 650 (5th Cir. 2012). "Summary judgment is proper if the pleadings and evidence show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.*; *see* FED. R. CIV. P. 56(a). We may affirm summary judgment on any ground evident in the record. *Jones v. Lowndes County, Miss.,* 678 F.3d 344, 348 (5th Cir. 2012).

A prisoner who seeks to invoke the Due Process Clause's procedural protections must establish that his life, liberty, or property is at stake. *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005). A prisoner's protected liberty interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes

2

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995) (internal citations omitted. In the instant case, Scott's disciplinary conviction resulted in ten days of disciplinary segregation. We have held that "administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest." *Luken v. Scott,* 71 F.3d 192, 193 (5th Cir. 1995). Because this punishment did not trigger due process protections, Scott has not shown that his due process rights were violated. *See Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999).

Scott also alleged that the defendants denied his request to call witnesses in retaliation for his prior litigation activities, including suits filed against these same defendants. A prison official may not retaliate against an inmate for accessing the courts or using a prison grievance procedure. *See Gibbs v. King,* 779 F.2d 1040, 1046 (5th Cir. 1986). To state a valid claim for retaliation under § 1983, a prisoner must allege (1) his invocation of a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner due to his exercising that right, (3) a retaliatory adverse act, and (4) a causal connection. *Jones v. Greninger,* 188 F.3d 322, 324-25 (5th Cir. 1999). Claims of retaliation are regarded with skepticism and are carefully scrutinized by the courts. *Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir. 1995). Conclusional assertions of retaliation are insufficient; to establish a claim for retaliation, a prisoner must produce either direct evidence of retaliation or at least "allege a chronology of events from which retaliation may plausibly be inferred." *See id.*

Although Scott presented some evidence of past litigation involving these defendants, he failed to present evidence establishing the existence of a genuine issue of material fact regarding whether these defendants were aware of any litigation pending against them at the time of the disciplinary hearing.

No. 14-30291

We also conclude that Scott has not shown that the refusal of his request to call live witnesses at a disciplinary hearing constituted a retaliatory adverse act sufficient to deter a person of ordinary firmness from exercising his or her constitutional rights. *See Morris v. Powell,* 449 F.3d 682, 686 (5th Cir. 2006). Finally, we conclude that Scott has not shown that the defendants had an intent to retaliate against him by presenting direct evidence of retaliatory intent or a chronology of events from which retaliation may plausibly be inferred. *See Woods,* 60 F.3d at 1166.

AFFIRMED; MOTION TO STRIKE APPELLEES' BRIEF DENIED; MOTION FOR AN EXTENSION OF TIME TO FILE REPLY BRIEF DENIED.