**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 28, 2011

Lyle W. Cayce
Clerk

No. 11-10158
Summary Calendar

KENDRICK D. GREEN,

Plaintiff-Appellant

v.

HAROLD A. ATKINSON, Food Service MGRIV at Middleton Unit,

Defendant-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CV-276

Before DAVIS, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Kendrick D. Green, Texas prisoner # 1041383, appeals the dismissal of his 42 U.S.C. § 1983 suit against food service manager Harold Atkinson. Green asserts that the prison system failed to screen food properly for foreign objects and that Atkinson's deliberate indifference to a known risk violated Green's right to be free from cruel and unusual punishment. Green suggests that the prison had a duty to sift the food before preparing it. He further suggests that the Texas Department of Criminal Justice (TDCJ) is liable because it is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

responsible for providing safety training to the inmates who prepare food. Insofar as he argues that anyone but Atkinson is liable, we previously affirmed the dismissal of the prison's warden, assistant warden, and other food service employees. The TDCJ is not a named defendant.

Given an opportunity upon remand to cure the inadequacy of his claim against Atkinson, Green failed to allege facts related to any other incident in which an inmate was injured by a foreign object in the food. His sole allegation that a security guard knew of an incident when pebbles were found in prison beans does not support a finding that Atkinson knowingly disregarded a substantial risk that an inmate would bite into or ingest a foreign object. The security guard did not indicate that Atkinson was aware of the pebbles. In a § 1983 suit, "[a]bsent vicarious liability, each Government official . . . is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Because Green was unable upon remand to remedy the insufficient factual allegations against Atkinson, the district court's dismissal of the claim was proper. *See id.*; *George v. King*, 837 F.2d 705, 707 (5th Cir. 1988) (holding single incident of food poisoning did not amount to a violation of prisoners' constitutional rights).

Green also addresses the merits of new claims he attempted to add to his complaint upon remand. The district court did not abuse its discretion in denying leave to amend. *See Boyd v. United States*, 861 F.2d 106, 108 (5th Cir. 1988).

AFFIRMED.