# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40712
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 27, 2016

Lyle W. Cayce
Clerk

GUADALUPE HERNANDEZ,

      Plaintiff - Appellant

v.

THE STATE OF TEXAS BOARD OF PARDONS AND PAROLES; RISSIE OWENS, Parole Chairperson,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CV-90

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

On January 4, 2007, the 406th District Court for Webb County, Texas, sentenced Guadalupe Hernandez to six years of imprisonment after Hernandez pleaded guilty to indecency with a child in violation of Texas Penal Code 21.11. The Institutional Division of the Texas Department of Criminal Justice (TDCJ) received custody of Hernandez on December 31, 2007. After a

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discharge audit by TDCJ discovered that the district court's judgment did not grant Hernandez any pre-sentence jail credit, Hernandez's sentencing start date was calculated as January 4, 2007, and his corresponding maximum discharge date was calculated as January 3, 2013.

On November 29, 2012, the district court issued a *nunc pro tunc* order, granting Hernandez credit for jail time served from January 25, 2006, to February 17, 2006, pursuant to Texas Code of Criminal Procedure Article 42.03. When the Classifications and Records Office of TDCJ received notice of that order on December 12, 2012, it re-calculated Hernandez's sentence start date as December 12, 2006, and his corresponding maximum discharge date as December 11, 2012. Hernandez was ultimately "released by discharge of sentence, without further obligation," on December 14, 2012.

Hernandez brought the present *pro se* 42 U.S.C. § 1983 action, alleging that the Texas Board of Pardons and Paroles (TBPP) and its chairperson, Rissie Owens, violated his constitutional rights by unlawfully incarcerating him past his maximum discharge date. The United States District Court for the Southern District of Texas granted TBPP and Owens's motion for summary judgment, finding that there was no genuine dispute of material fact that TBPP and Owens were not "personally involved" in the prisoner discharge calculations. The district court dismissed the action, and Hernandez timely appealed.

"We review a grant of summary judgment *de novo*, applying the same standards as the district court." *Prison Legal News v. Livingston*, 683 F.3d 201, 211 (5th Cir. 2012). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "We view the evidence in the light most favorable to the nonmoving party," *Prison Legal News*, 683 F.3d at 211, but no genuine dispute exists "[i]f the record, taken as

a whole, could not lead a rational trier of fact to find for the non-moving party," *id.* (quoting *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999)).

"Personal involvement is an essential element of a [42 U.S.C. § 1983] cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Accordingly, "[t]he plaintiff 'must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation.'" *Spence v. Nelson*, 603 F. App'x 250, 255 (5th Cir. 2015) (per curiam) (unpublished) (quoting *Jones v. Lowndes Cty.*, 678 F.2d 524, 530 (5th Cir. 1990)).

Reviewing the record as a whole, Hernandez has failed to show that TBPP or Owens were personally involved in, or causally connected to, his incarceration from December 12 to December 14. The evidence in the record, viewed in the light most favorable to Hernandez, only shows that the Classification and Records Department of TDCJ, not TBPP or Owens, was involved in modifying Hernandez's discharge calculations. *See* Tex. Gov't Code Ann. § 498.002 (vesting the power to classify inmates with TDCJ). Moreover, neither TBPP nor Owens is causally connected to any deprivation arising from the allegedly unlawful incarceration because Hernandez was discharged after serving the entirety of his six-year sentence, not released on parole. Tex. Code Crim. Proc. Ann. art. 43.13(a); *Cf.* Tex. Gov't Code Ann. § 508.0441(a) (vesting TBPP with, among other powers, the authority to determine "which inmates are to be released on parole or mandatory supervision" and "the continuation, modification, and revocation of parole or mandatory supervision");[1] Tex. Gov't Code Ann. § 508.142(c) ("The period of parole is computed by subtracting from the term for which the inmate was sentenced the calendar time served on the

---

[1] Hernandez was ineligible for mandatory supervision. *See* Tex. Gov't Code Ann. § 508.149(a)(5) (prohibiting the release of an inmate to mandatory supervision if convicted of indecency with a child).

No. 15-40712

sentence."). Hernandez has therefore failed to raise a genuine dispute that TBPP or Owens was involved in any constitutional deprivation that may have arisen from Hernandez's continued incarceration past his maximum discharge date, and the district court did not err in granting summary judgment in favor of TBPP and Owens.

We therefore AFFIRM the judgment of the district court.