# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60412

United States Court of Appeals
Fifth Circuit

**FILED**

March 9, 2016

Lyle W. Cayce
Clerk

JOSEPH BRADLEY CLARK,

Plaintiff-Appellant

v.

JOHN MASSENGILL, Sergeant; DEPUTY JUSTIN BRANNING; KENNETH MORAN; MELVIN BRISOLARA, Sheriff,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:12-CV-216

Before DAVIS, BARKSDALE, and DENNIS, Circuit Judges.

JAMES L. DENNIS, Circuit Judge:[*]

Joseph Bradley Clark, Mississippi prisoner # 09867, filed a pro se lawsuit raising 42 U.S.C. § 1983 claims against Sergeant John Massengill, Sergeant Ray Miller, Deputy Justin Branning, Deputy Kenneth Moran, and Sheriff Melvin Brisolara, all of the Harrison County Sheriff's Office.  Clark alleged that the defendants had used excessive force when arresting him by instructing a canine to attack him and using a taser on him after he had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

stopped resisting arrest.  The district court granted qualified immunity via summary judgment in favor of defendants.  With respect to Clark's claims as to the dog bites he sustained, the district court dismissed the claims as to Massengill, Branning, and Moran because Clark failed to allege that these officers were personally involved in the canine attack.  The court also dismissed all of Clark's claims against Brisolara because Clark failed to allege or show that Brisolara was personally involved and failed to present evidence that would give rise to supervisory liability.  The district court dismissed the remaining claims after finding that the officers were entitled to qualified immunity, concluding that "there was no evidence to support Clark's claim that a 'taser' was deployed," that the individual defendants acted in a reasonable manner, and that Clark's constitutional rights were not violated.

We review de novo the grant of summary judgment, applying the same standard used by the district court.  *Nickell v. Beau View of Biloxi, L.L.C.*, 636 F.3d 752, 754 (5th Cir. 2011).  Summary judgment is proper only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  A dispute about a material fact is "genuine" if "the [summary judgment] evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Although a plaintiff bears the burden of proof in the qualified immunity analysis, it is axiomatic that at the summary judgment stage "[w]e must accept all well-pleaded facts as true, draw all inferences in favor of the nonmoving party, and view all facts and inferences in the light most favorable to the nonmoving party."  *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009).

This court "liberally construe[s] briefs of *pro se* litigants and appl[ies] less stringent standards to parties proceeding *pro se* than to parties

2

represented by counsel." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Reading Clark's pro se brief liberally, Clark's sole issue[1] on appeal is whether summary judgment on grounds of qualified immunity was inappropriate because there was a genuine dispute concerning the material fact of whether any officer shot Clark with a taser.[2]   Although conclusory allegations, unsubstantiated assertions, and speculation are insufficient to show a genuine issue of fact, *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 348 (5th Cir. 2012), Clark did provide summary judgment evidence via affidavit and deposition that could support a finding of taser use:  he heard three pops and had knots on his stomach, he subjectively complained of bruising to his stomach from tasing when he was treated at the hospital, and a hospital worker stated that there was bruising to his abdomen.  Viewing this evidence in the light most favorable to Clark, and drawing the reasonable inferences therefrom, a reasonable juror could conclude that Clark was tased and suffered injury as a result.  The district court therefore erred in discounting Clark's version of the events and accepting the officers' version.  *See Tarver v. City of Edna*, 410 F.3d 745, 753 (5th Cir. 2005).

Branning is entitled to qualified immunity only if, viewing the evidence in the light most favorable to Clark and drawing the reasonable inferences therefrom in his favor, Clark has failed to demonstrate that (1) Branning's

---

[1] Because Clark fails to raise any argument regarding the dismissal of the dog bite claims as to Massengill, Branning, Moran, and Brisolara, they are abandoned.  *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Additionally, the appeal as to Sergeant Miller has been dismissed as moot due to his death.

[2] Although Clark did not explicitly challenge the district court's finding that Branning was entitled to qualified immunity, the district court dismissed Clark's excessive force claim against Branning on qualified immunity grounds, and Clark's appeal challenges that dismissal.  Furthermore, the bulk of Clark's brief directly contests the basis for the finding of qualified immunity—the district court's determination that Clark's claim that a taser was deployed was "wholly unsupported by the record"—and Clark asserts that the use of a taser violated his Fourth Amendment right to be free from the use of excessive force.

conduct violated one of Clark's constitutional rights and (2) that right was clearly established at the time of the violation. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1868 (2014); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). With respect to the first prong, Branning is entitled to qualified immunity at the summary judgment stage only if, viewing the summary judgment facts in the light most favorable to Clark, his use of force was not "clearly excessive to the need" or the excessiveness was not "objectively unreasonable." *Rockwell v. Brown*, 664 F.3d 985, 991 (5th Cir. 2011) (internal quotation marks omitted). "Excessive force claims are necessarily fact-intensive; whether the force used is 'excessive' or 'unreasonable' depends on 'the facts and circumstances of each particular case.'" *Deville v. Marcantel*, 567 F.3d 156, 167 (5th Cir. 2009) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). If Clark's allegations are true, Branning and Miller tased him three times when he was lying on the ground, injured, after he had stopped resisting. Viewing the summary judgment facts in the light most favorable to Clark, a genuine dispute of material fact exists as to whether this use of force was clearly excessive and objectively unreasonable. *See Carroll v. Ellington*, 800 F.3d 154, 177 (5th Cir. 2015) (citing *Anderson v. McCaleb*, 480 F. App'x 768, 773 (5th Cir. 2012) (per curiam),[3] and *Autin v. City of Baytown*, 174 F. App'x 183, 185 (5th Cir. 2005), as standing for the proposition that "repeated applications of a Taser after a suspect is arrested, subdued, and 'no longer resisting arrest'" may be clearly excessive and objectively unreasonable).

With respect to the second prong, the law was clearly established at the time of Clark's arrest that "once a suspect has been handcuffed and subdued, and is no longer resisting, an officer's subsequent use of force is excessive."

---

[3] Although *Anderson* was not decided until 2012, the court there held that in December 2008, a police officer "should have known that he could not beat [the suspect] after he stopped resisting arrest." 480 F. App'x at 773.

*Carroll*, 800 F.3d at 177.  It was also clearly established that the amount of force that an officer could use "depend[ed] on the severity of the crime at issue, whether the suspect posed a threat to the officer's safety, and whether the suspect was resisting arrest or attempting to flee."  *Bush v. Strain*, 513 F.3d 492, 502 (5th Cir. 2008).  Crediting his allegations, as we must at this stage of the proceedings, Clark, an unarmed man with an artificial right hip and a crippled right arm who had just driven his car into a tree, was tased while lying on the ground, after he had submitted and after he had been bitten repeatedly by a police dog.   "These alleged facts are sufficiently egregious to warrant a denial of qualified immunity because a reasonable officer would have known that the degree of force was unconstitutionally excessive under the circumstances." *Deville* 567 F.3d at 169; *see also Bush*, 513 F.3d at 502 ("While the Fourth Amendment's reasonableness test is 'not capable of precise definition or mechanical application,' the test is clear enough that [the officer] should have known that he could not forcefully slam Bush's face into a vehicle while she was restrained and subdued." (quoting *Graham*, 490 U.S. at 396)). Branning is therefore not entitled to qualified immunity at this stage.

Because whether Branning employed a taser on Clark involves a genuine dispute of material fact, *see* FED. R. CIV. P. 56(a), the district court's judgment as to Clark's claim of excessive force based on Branning's alleged use of a taser on him is VACATED and REMANDED.  And because, viewing the summary judgment facts in the light most favorable to Clark, a genuine dispute of material fact exists as to whether Branning's alleged use of force was unconstitutionally excessive, the district court's grant of qualified immunity is REVERSED.   In all other respects, the judgment of the district court is AFFIRMED.

No. 14-60412

RHESA HAWKINS BARKSDALE, Circuit Judge, dissenting:

For this *pro se* appeal, I agree with the majority that, because, *inter alia*, the former dog-bite claim is not presented, only an excessive-force claim against Officer Branning for allegedly "tasing" Clark remains. But, that taser claim fails for the following reasons, including its being waived on appeal. Therefore, I must dissent.

I.

In 2010, Clark was apprehended by law enforcement after a high-speed chase. The vehicle involved in the chase, which Clark maintains he was not driving, struck a tree, after which Clark fled into a wooded area. Clark contends: after being tracked and subdued by a police canine, Officer Branning (with Officer Miller, dismissed from this appeal due to his death) deployed a taser against him, even though he was not resisting apprehension.

Contending the use of a taser was excessive and a violation of his federal constitutional rights, he filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983. Officer Branning moved for summary judgment, *inter alia*, on the basis of qualified immunity. In a thorough, well-reasoned opinion, the district judge adopted the magistrate judge's report and recommendation and granted, *inter alia*, Officer Branning's qualified-immunity claim. *Clark v. Miller*, No. 1:12CV216-LG-JMR, 2014 WL 2161816, at *13–14 (S.D. Miss. 23 May 2014).

II.

Not until his reply brief does Clark, proceeding *pro se*, challenge the court's ruling qualified immunity applies, having asserted in his opening brief only that a "genuine factual dispute" exists for whether Officer Branning violated the Fourth Amendment by tasing him after he stopped resisting arrest, as discussed *supra* and *infra*. For the reasons that follow, he has: waived any challenge to the qualified-immunity's ruling; and, in the

alternative, fails to satisfy the first prong of our two-part analysis for overcoming such immunity.

"To defeat summary judgment, [Clark] must show genuine disputes of material fact for:  whether [Officer Branning] violated his constitutional (Fourth Amendment) right against excessive force; and whether [the Officer's] actions were objectively unreasonable in the light of then clearly-established law." *Buchanan v. Gulfport Police Dep't*, 530 F. App'x 307, 312 (5th Cir. 2013) (citing *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012)).  Of extreme importance for this appeal, when, as here, qualified immunity is claimed, the burden is on the plaintiff to show it is *not* applicable. *E.g., Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).  Clark fails to do so.

A.

Although briefs of *pro se* appellants are liberally construed, our court "require[s] . . . arguments . . . be briefed to be preserved". *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  "Fed. R. App. P. 28(a)[ ] requires that [Clark's] argument contain the reasons he deserves the requested relief with citation to the authorities, statutes and parts of the record relied on." *Id.* (internal quotation marks and citation omitted).  As noted, Clark has the burden to show qualified immunity is *not* applicable; but, he does *not* mention qualified immunity until his two-and-one-half-page reply brief, after such immunity was briefed by Officer Branning.

"Arguments raised for the first time in a reply brief, *even by pro se litigants* . . . are waived." *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) (emphasis added).  This is especially applicable when, as here, appellant has the burden of proof.  To allow otherwise is extremely prejudicial to Officer Branning.  Obviously, because Clark failed to brief the qualified-immunity ruling in his opening brief, Officer Branning was not able, in his

response brief, to address and counter the untimely remarks in Clark's reply brief about such immunity. Clark's being *pro se* does not absolve this prejudice.

Moreover, in his three-and-one-half-page opening brief, Clark does not directly mention excessive force, and refers to the Fourth Amendment only in part of a citation to caselaw ("[t]asering of unresting [sic] motorist violated the Fourth Amendment"). Generously construing the facts as presented by Clark, he avers: he was tased by Officers Miller (now deceased), and Branning after he stopped resisting, causing him injury ("big black knots that formed on my abdomen from being tased"). He further asserts the court erred in stating *Officer Miller's* actions were reasonable under the circumstances, but makes *no* mention of *Officer Branning* in that context. Therefore, even affording the requisite "liberal construction" to Clark's opening brief, he does not meaningfully address either prong of the qualified-immunity analysis; accordingly, his assertions are waived due to his failure to adequately brief them, and his appeal should be resolved on that basis.

Although the majority at 3 n.2 concedes Clark does "not explicitly challenge the district court's" granting qualified immunity to Officer Branning, it is satisfied with Clark's simply challenging the dismissal of his action, which dismissal was based in part on qualified immunity, and his assertions about a taser's being used in violation of the Fourth Amendment. Such imaginative, outcome-determinative justification for the issue's not being waived flies in the face of one of the core tenets of appellate procedure: issues must be adequately raised and briefed. In effect, because Clark is *pro se*, the majority gives him a free pass on the judicial railroad.

## B.

Assuming, *arguendo*, Clark's contentions were adequately briefed and properly preserved, he fails to demonstrate the requisite genuine dispute of

material fact for even the first prong of our qualified-immunity analysis:  the claimed excessive force.  *See Lockett v. New Orleans City*, 607 F.3d 992, 999 (5th Cir. 2010).  Clark must show such a genuine dispute for:  "(1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable".  *Id.*  And, to do so, Clark must provide more than "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence".  *Turner v. Baylor Richardson Med. Ctr.,* 476 F.3d 337, 343 (5th Cir. 2007) (internal quotation marks omitted).  The majority at 3 states Clark provided "evidence via affidavit and deposition that could support a finding of taser use:  he heard three pops and had knots on his stomach, he subjectively complained of bruising to his stomach from tasing when he was treated at the hospital, and a hospital worker stated that there was bruising to his abdomen".

A review of the record, however, reflects that, although Clark claimed his bruising resulted from the use of a taser (which is reflected in only the "subjective" portion of the medical-encounter record Clark submitted in opposition to summary judgment), the nurse practitioner examining his injuries made no mention of a taser in the "objective" portion of the record, and instead assessed the injuries as resulting from "dog bite wound[s]" (which, again, are *not* at issue here).

As the majority notes at 3, the medical record does note "bruising to abdomen" under the "objective" portion of the assessment.  But this appears to be the *only* evidence, beyond Clark's self-serving testimony, that could be interpreted to contradict the Officers' version of events. The Officers present at the scene, including Officer Branning, testified a taser was not deployed. Given the "assessment" portion of the medical record attributed the injuries to "dog bite wound[s]", with no mention of a taser, the note in the medical record

No. 14-60412

about abdominal bruising, alone, does not constitute the more than "a scintilla of evidence" required to defeat summary judgment. *Turner*, 476 F.3d at 343.

### III.

For the foregoing reasons, I would affirm the district court. Because the majority holds otherwise, most especially through its very ill-advised ruling on waiver, I must dissent.