# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 19, 2013

Lyle W. Cayce
Clerk

No. 12-60138
Summary Calendar

JAMES WILLIE STEVENSON,

Plaintiff-Appellant

v.

OFFICER YOUNG,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CV-464

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

James Willie Stevenson, Mississippi prisoner # M2199, appeals the decision of the magistrate judge awarding summary judgment in favor of Officer Howard Young on Stevenson's 42 U.S.C. § 1983 complaint. In that complaint, Stevenson alleged that Officer Young had been deliberately indifferent to his serious medical needs when he purportedly caused Stevenson's premature release from the hospital despite the opinion of Young's treating physician that his wound necessitated surgery.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We review a summary judgment ruling de novo, using the same standard employed by the district court. *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the moving party shows that the nonmoving party presented insufficient evidence in support of his allegations, the nonmovant is required to demonstrate the existence of a genuine issue for trial by coming forward with specific facts. *Jones v. Lowndes County, Miss.*, 678 F.3d 344, 348 (5th Cir. 2012). Such facts, however, must be comprised of more than "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Id.* (internal quotation marks and citation omitted).

The deliberate indifference standard requires a prisoner to establish that the defendant "acted with subjective deliberate indifference to [the prisoner's] need for medical care." *Brown v. Strain*, 663 F.3d 245, 249 (5th Cir. 2011). (internal quotation marks and citation omitted). To establish that Officer Young acted with subjective deliberate indifference, Stevenson must show that: (1) Officer Young had "subjective knowledge of facts from which an inference of substantial risk of serious harm could be drawn;" (2) Officer Young "actually drew that inference;" and (3) Officer Young's response to the risk indicates that he "subjectively intended that harm to occur." *Id.* (internal quotation marks and citation omitted).

The parties consented to proceed before a magistrate judge. The magistrate judge found that as a pretrial detainee, Stevenson had a Fourteenth Amendment due process right to medical care; however, he had produced no evidence that Officer Young actually instructed the physician not to perform the operation or that Young had in any way interfered with the surgery. Additionally, the magistrate judge pointed out that Stevenson had produced no evidence that he was subjected to a serious risk of medical harm by the

cancellation of the surgery or that Officer Young had actual knowledge of such a risk. Consequently, the magistrate judge held, Officer Young was entitled to judgment as a matter of law.

Stevenson argues that the grant of summary judgment was erroneous because there were genuine issues of material fact in dispute, namely what Officer Young and Stevenson's treating physician discussed about his condition outside of Stevenson's presence. Stevenson's deposition testimony confirms that he did not overhear the conversation between Officer Young and his physician, and that Officer Young did not remove him without discharge attention and treatment by hospital personnel. Stevenson's claim reduced factually, therefore, to his recollection that Officer Young later told him that he, Officer Young, had told the physician the county did not want to pay for Stevenson's surgery. Stevenson offers no medical evidence that surgery was necessary or that its postponement or cancellation put Stevenson at risk of serious harm. Nor does he offer evidence from which a factfinder reasonably could infer that Officer Young knew of a risk of serious harm and intentionally disregarded it. The hospital's discharge indicates, to the contrary, that Stevenson was not at risk of serious harm. Because Officer Young, as the moving party, has shown that Stevenson presented insufficient evidence in support of his allegations, Stevenson bears the burden of demonstrating the existence of a genuine issue for trial by coming forward with specific facts. *See Jones,* 678 F.3d at 348. Stevenson has failed in this regard, insomuch as his facts are comprised of conclusional allegations, speculation, and unsubstantiated assertions. *See id.*

Finally, Stevenson argues that Officer Young was not entitled to qualified immunity. The magistrate judge held that there was no constitutional violation as a matter of law because Stevenson had failed to demonstrate that Officer Young had acted with deliberate indifference to a substantial risk of serious harm. The order did not comment on whether Officer Young was entitled to qualified immunity.

"The qualified immunity defense has two prongs: whether an official's conduct violated a constitutional right of the plaintiff; and whether the right was clearly established at the time of the violation." *Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010). When the defendant moves for summary judgment based on qualified immunity, it is the plaintiff's burden to demonstrate that all reasonable officials similarly situated would have then known that the alleged acts of the defendant violated the United States Constitution. *Thompson v. Upshur County, TX*, 245 F.3d 447, 460 (5th Cir. 2001). This is distinguishable from the burden of establishing a genuine issue as to the defendant's deliberately indifferent subjective state of mind. *Id.*

We have recognized that summary judgment is proper on the basis of qualified immunity when the evidence does not show that the appellee was aware of an "unjustifiably high risk" to a pretrial detainee. *Tamez v. Manthey*, 589 F.3d 764, 770 (5th Cir. 2009) (internal quotation marks and citation omitted). Stevenson's inability to establish that Officer Young had either an objective or subjective knowledge of the risk of serious harm or that he intended to cause such harm renders his summary judgment motion meritless whether its denial was based on § 1983 liability or a qualified immunity defense. *See Brown*, 663 F.3d at 249; *Thompson*, 245 F.3d at 460.

Stevenson has also moved for the appointment of counsel; however, he has failed to establish the existence of exceptional circumstances warranting such relief in light of the following: (1) the case is not complex and involves one claim against one defendant; (2) he has demonstrated in the district court and on appeal an ability to present his case adequately; (3) he is capable of investigating his case adequately; and (4) the type of evidence that would be presented by both parties would not be difficult to understand. *See Ulmer v. Chancellor*, 691 F.2d 209, 212, 213 (5th Cir. 1982). His motion is therefore meritless.

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.