# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 3, 2013

No. 12-30945
Summary Calendar

Lyle W. Cayce
Clerk

DONALD HENSLEY, JR.,

Plaintiff-Appellant

v.

UNKNOWN LANDRY, Lieutenant; UNKNOWN DIXON, Captain (now a Major); JONATHAN ROUNDTREE, Medical Director,

Defendants-Appellees

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-94

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Donald Hensley, Jr., Louisiana prisoner # 112218, moves for leave to proceed in forma pauperis (IFP) following the district court's judgment denying his motion for summary judgment, granting the defendants' motion for summary judgment, and dismissing his 42 U.S.C. § 1983 complaint.

When, as in this case, a district court certifies that an appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3), the appellant may either pay the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filing fee or challenge the court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). If we uphold the district court's certification that the appeal is not taken in good faith, the appellant must pay the filing fee or, alternatively, we may dismiss the appeal sua sponte under 5th Circuit Rule 42.2 if it is frivolous. *Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Hensley has not pursued on appeal any claims against Warden Cain or Dr. Roundtree, which encompassed his claims of the denial of medical care. Thus, these claims are deemed abandoned. *See Yohey v. Collins,* 985 F.2d 222, 224-25 (5th Cir. 1993).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). If the moving party shows that the nonmoving party presented insufficient evidence in support of his allegations, the nonmovant is required to demonstrate the existence of a genuine issue for trial by coming forward in a timely response in the district court with specific facts. *Jones v. Lowndes County, Miss.,* 678 F.3d 344, 348 (5th Cir. 2012). Review is de novo. *Nickell v. Beau View of Biloxi, L.L.C,* 636 F.3d 752, 754 (5th Cir. 2011).

After the deadline for filing his response, Hensley filed affidavits of inmates Carlin Morgan and Charles Sumber together with an untimely supplement to his opposition to the defendants' motion. Hensley argues that the district court erred in granting Dixon's motion for summary judgment because he created a genuine issue of material fact with these untimely affidavits. Even if we ignore their untimeliness and credit the statements in these affidavits that Dixon received some complaints about the dressing at the

2

time that dinner was served on Thanksgiving Day, the affidavits fail to raise a fact issue as to whether Dixon actually knew that the food presented an excessive risk of serious harm to the health and safety of Hensley or any other inmate. The facts do not support a conclusion that Dixon's failure to investigate the complaints further at that time was more than negligent conduct. Thus, Hensley has failed to bring forth sufficient evidence that Dixon acted with a sufficiently culpable state of mind to support a claim of deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Further, the fact that Hensley experienced some stomach pain, nausea, and diarrhea for two-three days for which he received treatment does not show that he was subject to a condition of confinement that resulted in the denial of the minimal civilized measures of life's necessities or the wanton infliction of pain that shocks the conscience. *See Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001).

Hensley has not come forward with any facts demonstrating that Dixon or any defendant acted with deliberate indifference to his health and safety or that he engaged in conduct that resulted in the deprivation of life's necessities or the wanton infliction of pain that is repugnant to society. Nor has he raised any genuine dispute as to any material fact regarding Dixon's conduct which precludes a summary judgment as a matter of law in Dixon's favor. Thus, summary judgment was appropriate. Fed. R. Civ. P. 56(a).

There has been no showing by Hensley that the district court erred in determining that his appeal was not taken in good faith. Because he has not shown that he will raise a nonfrivolous issue on appeal, Hensley's motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *Howard*, 707 F.2d at 220; 5th Cir. R. 42.2.