JAMES L. DENNIS, Circuit Judge; *
Joseph Bradley Clark, Mississippi prisoner # 09867, filed a pro se lawsuit raising 42 U.S.C. § 1983 claims against Sergeant John Massengill, Sergeant Ray Miller, Deputy Justin Branning, Deputy Kenneth Moran, and Sheriff Melvin Brisolara, all of the Harrison County Sheriffs Office. Clark alleged that the defendants had used excessive force when arresting him by instructing a canine to attack him and using a taser on him after he had stopped resisting arrest. The district court granted qualified immunity via summary judgment in favor of defendants. With respect to Clark’s claims as to the dog bites he sustained, the district court dismissed the claims as to Massengill, Branning, and Moran because Clark failed to allege that these officers were personally involved in the canine attack. The court also dismissed all of Clark’s claims against Briso-lara because Clark failed to allege or show that Brisolara was personally involved and failed to present evidence that would give rise to supervisory liability. The district court dismissed the remaining claims after finding that the officers were entitled to qualified immunity, concluding that “there was no evidence to support Clark’s claim that a ‘taser’ was deployed,” that the individual defendants acted in a reasonable manner, and that Clark’s constitutional rights were not violated.
We review de novo the grant of summary judgment, applying the same standard used by the district court. Nickell v. Beau View of Biloxi, L.L.C., 636 F.3d 762, 764 (6th Cir.2011). Summary judgment is proper only where “there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.” Fed.R.Civ.P. 66(a). A dispute about a material fact is “genuine” if “the [summary judgment] evidence is such that a reasonable jury could return a verdict for the nonmoving party.” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2506, 91 L.Ed.2d 202 (1986). Although a plaintiff bears the burden of proof in the qualified immunity analysis, it is axiomatic that at the summary judgment stage “[w]e must accept all well-pleaded facts as true, draw all inferences in favor of the nonmoving party, and view all facts and inferences in the light most favorable to the nonmoving party.” Club Retro, L.L.C. v. Hilton, 568 F.3d 181, 194 (5th Cir.2009).
This court “liberally construe[s] briefs of pro se litigants and applies] less stringent standards to parties proceeding pro se than to parties represented by counsel.” Grant v, Cuellar, 59 F.3d 523, 524 (5th Cir.1995). Reading Clark’s pro se brief liberally, Clark’s sole issue[1] on appeal is whether summary judgment on grounds of qualified immunity was inappropriate because there was a genuine dispute concerning the material fact of whether any officer shot Clark with a taser.[2] *420 Although conclusory allegations, unsubstantiated assertions, and speculation are insufficient to show a genuine issue of fact, Jones v. Lowndes County, Miss., 678 F.3d 344, 348 (5th Cir.2012), Clark did provide summary judgment evidence via affidavit and deposition that could support a finding of taser use: he heard three pops and had knots on his stomach, he subjectively complained of bruising to his stomach from tasing when he was treated at the hospital, and a hospital worker stated that there was bruising to his abdomen. Viewing this evidence in the light most favorable to Clark, and drawing the reasonable inferences therefrom, a reasonable juror could conclude that Clark was tased and suffered injury as a result. The district court therefore erred in discounting Clark’s version of the events and accepting the officers’ version. See Tarver v. City of Edna, 410 F.3d 745, 753 (5th Cir.2005).
Branning is entitled to qualified immunity only if, viewing the evidence in the light most favorable to Clark and drawing the reasonable inferences therefrom in his favor, Clark has failed to demonstrate that (1) Branning’s conduct violated one of Clark’s constitutional rights and (2) that right was clearly established at the time of the violation. See Tolan v. Cotton, — U.S. -, 134 S.Ct. 1861, 1868, 188 L.Ed.2d 895 (2014); Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). With respect to the first prong, Branning is entitled to qualified immunity at the summary judgment stage only if, viewing the summary judgment facts in the light most favorable to Clark, his use of force was not “clearly excessive to the need” or the excessiveness was not “objectively unreasonable.” Rockwell v. Brown, 664 F.3d 985, 991 (5th Cir.2011) (internal quotation marks omitted). “Excessive force claims are necessarily fact-intensive; whether the force used is ‘excessive’ or ‘unreasonable’ depends on ‘the facts and circumstances of each particular case.’ ” Deville v. Marcantel, 567 F.3d 156, 167 (5th Cir.2009) (quoting Graham v. Connor, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). If Clark’s allegations are true, Branning and Miller tased him three times when he was lying on the ground, injured, after he had stopped resisting. Viewing the summary judgment facts in the light most favorable to Clark, a genuine dispute of material fact exists as to whether this use of force was clearly excessive and objectively unreasonable. See Carroll v. Ellington, 800 F.3d 154, 177 (5th Cir.2015) (citing Anderson v. McCaleb, 480 Fed.Appx. 768, 773 (5th Cir.2012) (per curiam),[3] and Autin v. City of Baytown, 174 Fed.Appx. 183, 185 (5th Cir.2005), as standing for the proposition that “repeated applications of a Taser after a suspect is arrested, subdued, and ‘no longer resisting arrest’ ” may be clearly excessive and objectively unreasonable).
With respect to the second prong, the law was clearly established at the time of Clark’s arrest that “once a suspect has been handcuffed and subdued, and is no longer resisting, an officer’s subsequent use of force is excessive.” Carroll, 800 F.3d at 177. It was also clearly established that the amount of force that an officer *421 could use “depended] on the severity of the crime at issue, whether the suspect posed a threat to the officer’s safety, and whether the suspect was resisting arrest or attempting to flee.” Bush v. Strain, 513 F.3d 492, 502 (5th Cir.2008). Crediting his allegations, as we must at this stage of the proceedings, Clark, an unarmed man with an artificial right hip and a crippled right arm who had just driven his car into a tree, was tased while lying on the ground, after he had submitted and after he had been bitten repeatedly by a police dog. “These alleged facts are sufficiently egregious to warrant a denial of qualified immunity because a reasonable officer would have known that the degree of force was unconstitutionally excessive under the circumstances.” Deville, 567 F.3d at 169; see also Bush, 513 F.3d at 502 (“While the Fourth Amendment’s reasonableness test is ‘not capable of precise definition or mechanical application,’ the test is clear enough that [the officer] should have known that he could not forcefully slam Bush’s face into a vehicle while she was restrained and subdued.” (quoting Graham, 490 U.S. at 396, 109 S.Ct. 1865)). Branning is therefore not entitled to qualified immunity at this stage.
Because whether Branning employed a taser on Clark involves a genuine dispute of material fact, see Fed.R.CivP. 56(a), the district court’s judgment as to Clark’s claim of excessive force based on Bran-rung’s alleged use of a taser on him is VACATED and REMANDED. And because, viewing the summary judgment facts in the light most favorable to Clark, a genuine dispute of material fact exists as to whether Branning’s alleged use of force was unconstitutionally excessive, the district court’s grant of qualified immunity is REVERSED. In all other respects, the judgment of the district court is AFFIRMED.

 Pursuant to 5th Cíe. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

. Because Clark fails to raise any argument regarding the dismissal of the dog bite claims as to Massengill, Branning, Moran, and Bri-solara, they are abandoned. See Brinkmann v. Dallas Cty. Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir.1987). Additionally, the appeal as to Sergeant Miller has been dismissed as moot due to his death.

. Although Clark did not explicitly challenge the district court's finding that Branning was entitled to qualified immunity, the district court dismissed Clark’s excessive force claim against Branning on qualified immunity grounds, and Clark’s appeal challenges that *420 dismissal. Furthermore, the bulk of Clark’s brief directly contests the basis for the finding of qualified immunity — the district court's determination that Clark’s claim that a taser was deployed was. "wholly unsupported by the record” — and Clark asserts that the use of a taser violated his Fourth Amendment right to be free from the use of excessive force.

. Although Anderson was not decided until 2012, the court there held that in December 2008, a police officer "should have known that he could not beat [the suspect] after he stopped resisting arrest.” 480 Fed.Appx. at 773.