# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20775
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2016

Lyle W. Cayce
Clerk

ANTOINETTE RENEE LAMPKIN,

Plaintiff-Appellant

v.

BANK OF AMERICA, N.A.,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-517

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Antoinette Renee Lampkin, proceeding pro se and in forma pauperis, appeals the district court's grant of summary judgment and dismissal of her civil suit against Bank of America, N.A. (BANA) for alleged violations of the Fair Housing Act (FHA), 42 U.S.C. § 3601 *et seq.*, the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, and the Equal Credit Opportunity Act (ECOA), 15 U.S.C. § 1691 *et seq.* She argues that summary judgment was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inappropriate because: (1) she presented sufficient, direct evidence to show that BANA intentionally denied her equal and fair access to FHA loan information and credit because of her race; (2) the evidence showed that BANA willfully, knowingly, and negligently accessed her credit report without her consent, without a permissible purpose, and under false pretenses; and (3) the evidence showed that BANA intentionally failed to provide her with a statement of reasons for its adverse decisions.

Generally, we review "the grant of summary judgment de novo, applying the same standards as the district court." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (italics omitted). However, we apply the plain error standard when the complaining party fails to object to a report and recommendation of the magistrate judge under 28 U.S.C. § 636(b)(1)(B) after having been "served with notice that such consequences will result from a failure to object." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1). Here, Lampkin was warned that the failure to file written objections within 14 days from her receipt of the magistrate judge's report and recommendation would bar her form attacking the factual findings and legal conclusions on appeal. She did not file timely objections to the magistrate judge's report and recommendation and the district court did not conduct a de novo review of the record. As a result, the factual findings and legal conclusions adopted by the district court are reviewed for plain error. *See id.*

Lampkin's conclusory allegations that BANA intentionally denied her equal and fair access to FHA loan information and credit because of her race are insufficient to create a genuine issue of material fact. *See Jones v. Lowndes Cty., Miss.*, 678 F.3d 344, 348 (5th Cir. 2012). She cites no authority supporting her contention that the term "minority" is a racial epithet or that BANA loan

officer Scott G. Brown's use of the term in response to charges of racial discrimination was evidence of his racial animus.  Further, BANA's knowledge that she was a member of a protected class is alone insufficient to prove intentional discrimination.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1972); *Artisan/Am. Corp. v. City of Alvin, Tex.*, 588 F.3d 291, 295 (5th Cir. 2009).  Moreover, aside from conclusory allegations, Lampkin does not challenge the district court's determination that she failed to establish a fact issue regarding her qualification for a home loan or Harris County's Downpayment Assistance Program.  Therefore, Lampkin has failed to show that the district court plainly erred in granting BANA a summary judgment on her FHA claim.

Lampkin has also failed to show that the district court plainly erred in granting BANA a summary judgment on her FCRA claims.  The evidence established that Lampkin sought to enter into credit transactions with BANA and that the loan officers accessed her credit report for purposes of determining whether to extend credit to Lampkin.  Because the FCRA permits users to obtain a credit report in such cases, Lampkin's consent was not required.  *See* 15 U.S.C. § 1681b(a)(3)(A); *Dixon v. Shamrock Fin. Corp.*, 522 F.3d 76, 77 (1st Cir. 2008).

Aside from conclusory allegations that BANA intentionally violated the ECOA and the FCRA by failing to provide her with statements of reasons sufficient to satisfy the requirements of § 1691(d)(3) and 15 U.S.C. § 1681m(a), Lampkin does not address the district court's finding that the loan officers provided her with written notice of the reasons for their adverse actions, nor does she allege why the notices were deficient.  Lampkin has therefore abandoned these issues by failing to adequately brief them on appeal.  *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

No. 14-20775

Finally, Lampkin did not file an amended or separate notice of appeal following the district court's denial of her Federal Rule of Civil Procedure 60(b)(6) motion, and her appellate brief was not filed within the time specified by Federal Rule of Civil Procedure 4. Thus, to the extent Lampkin challenges the district court's denial of her Rule 60(b)(6) motion, we lack jurisdiction to review that order. *See* FED. R. APP. P. 4(a)(4)(B)(ii); *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Accordingly, the district court's judgment is AFFIRMED.