# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-41444
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2017

Lyle W. Cayce
Clerk

EARL RAYMOND MILLION,

Plaintiff-Appellant

v.

DAWN E. GROUNDS; FNU NEAL; FNU CHOAT; D. MOOR, Lieutenant;
MAINTENANCE SUPERVISOR; DIANE MOORE; ALVIE W. KING,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:14-CV-11

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Earl Raymond Million, Texas prisoner # 1170997, appeals the district court's judgment granting summary judgment and dismissing his 42 U.S.C. § 1983 complaint. With regard to his claim that the appellees were deliberately indifferent to his safety, he asserts that the appellees' failure to inspect and maintain the overhead exhaust system in a shower at the Telford Unit resulted

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in his sustaining serious injuries when the system fell on him.  According to Million, the appellees are not entitled to immunity under the Eleventh Amendment or qualified immunity.

This court reviews a grant of summary judgment de novo, employing the same standard as the district court.  *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

Million's complaints about the appellees' conduct while they were performing their duties as officers employed by the state prison system fall within the scope of the Eleventh Amendment and, thus, they are entitled to sovereign immunity.  *See Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004); *Mayfield v. Texas Dep't Of Criminal Justice*, 529 F.3d 599, 604 (5th Cir. 2008).  To the extent that Million seeks monetary damages from the appellees in their official capacities, the appellees are entitled to judgment as a matter of law on the basis of sovereign immunity.  *Mayfield*, 529 F.3d at 604.  Insofar as he is seeking injunctive relief, Million's claims against the appellees in the official capacities are moot because he has been transferred to another facility.  *See Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002).

With respect to Million's Eighth Amendment claim based on deliberate indifference, appellees Grounds, Neal, Choate, and King raised the defense of qualified immunity and, therefore, the burden was on Million to show that the defense did not apply.  *Jones v. Lowndes Cty, Miss.*, 678 F.3d 344, 351 (5th Cir. 2012).  Viewing the evidence in the light most favorable to Million, he has failed to show that the appellees possessed facts raising an inference that the exhaust system presented a substantial risk of harm or that the appellees knowingly disregarded the risk by failing to inspect and maintain the system.  *See Farmer*

*v. Brennan*, 511 U.S. 825, 837 (1994). His conclusional and unsubstantiated assertions do not demonstrate that the appellees' conduct rose to the level of deliberate indifference in violation of the Eighth Amendment and, thus, he has failed to show that the appellees violated a clearly established constitutional right. *Carnaby*, 636 F.3d at 187; *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Their conduct, even if it departed from prison policy or rules, was at most negligence and not deliberate indifference. *See Longoria v. Texas*, 473 F.3d 586, 593 n.9 (5th Cir. 2006). Because Million has failed to show that there is a genuine dispute of material fact regarding the appellees' entitlement to the defense of qualified immunity, the district court did not err in granting summary judgment in the appellees' favor. *Carnaby*, 636 F.3d at 187.

Million also challenges, in a reply brief to appellee Moore's brief, the district court's grant of summary judgment dismissing with prejudice his retaliation claim against her for failure to exhaust his administrative remedies. The issue is probably waived, because it was not raised in Million's opening brief. *See Warren v. Chesapeake Expl., L.L.C.*, 759 F.3d 413, 420 (5th Cir. 2014). Even if the issue is properly before us, Million cannot prevail.

This court reviews a district court's dismissal of a prisoner's § 1983 complaint for failure to exhaust de novo. *Carbe v. Lappin*, 492 F.3d 325, 327 (5th Cir. 2007). Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89-93 (2006). The Texas prison system has a two-step formal grievance process, and "a prisoner must pursue a grievance through both steps for it to be considered exhausted." *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). (internal quotations and citation omitted). Million failed to properly present his retaliation claim in either grievance step. Therefore, he failed to satisfy the exhaustion

No. 15-41444

requirement.  *See Woodford*, 548 U.S. at 83-84.  Because Million has not raised any genuine disputed issue of material fact relevant to the exhaustion issue, the district court did not err in granting summary judgment dismissing the retaliation claims with prejudice.  *Carnaby*, 636 F.3d at 187.

Million has not shown that his case involves exceptional circumstances that require the appointment of counsel.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).  His motion for appointment of counsel is DENIED.

The judgment of the district court is AFFIRMED.