# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31157
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2017

Lyle W. Cayce
Clerk

JOSEPH METZLER,

      Plaintiff–Appellant,

v.

KENNER CITY, Louisiana; MIKE YENNI, Individually,

      Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-910

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:*

We affirm the district court's judgment. Joseph Metzler worked as an electrical inspector for the City of Kenner's Department of Inspections and Code Enforcement. After he was terminated from employment and subsequently reinstated, he brought suit under 42 U.S.C. § 1983 against Aimee Vallot, Director of Inspections and Code Enforcement; Richard Walther,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-31157

Assistant Director of Inspections and Code Enforcement; Mike Yenni, former Mayor of the City of Kenner; and the City of Kenner.  Metzler claims he was wrongfully terminated in retaliation for exercising his First Amendment rights and that his termination violated his due process rights under the Fourteenth Amendment.

The district court dismissed Metzler's claims for punitive damages against the City of Kenner and granted Metzler's request to amend his complaint.  The district court also dismissed with prejudice Metzler's claims against Yenni, Vallot, and Walther in their official capacities as well as Metzler's vicarious liability claims against the City of Kenner based on the actions of Yenni, Vallot, and Walther.  Metzler does not appeal those dismissals.  The only claims remaining are Metzler's § 1983 claims against Yenni in his individual capacity and the City of Kenner (the Defendants).  The Defendants filed a motion to dismiss for failure to state a claim or, in the alternative, a motion for summary judgment.  The district court granted summary judgment for the defendants.  Metzler appealed.

"To state a section 1983 claim, 'a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law."[1]  With regard to Metzler's claim against Yenni in his individual capacity, Metzler "must establish that [Yenni] was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation."[2]

Metzler alleges that Yenni instructed Vallot to conduct a "sham" investigation into citizen complaints filed against Metzler for his operation of

---

[1] *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008) (quoting *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000)).

[2] *Id.*

2

city vehicles and, subsequently, to terminate him.  The district court concluded that the Defendants presented sufficient evidence on summary judgment to negate an essential element of Metzler's claim, namely that Yenni's conduct deprived Metzler of his constitutional rights or that Yenni's conduct was causally connected to the alleged constitutional violations.  We agree.  Yenni testified at Metzler's hearing before the Kenner Civil Service Board that he did not have any conversations with Vallot or Walther about terminating Metzler.  Walther testified that he did not discuss Metzler's termination with Yenni.  Vallot testified that no one from the city administration pressured her to terminate Metzler and that the decision was "[hers] and [hers] alone."  She explained that Metzler's history of complaints about his driving and his unwillingness to accept responsibility for his actions contributed to her decision to terminate him.

The Defendants also offered Metzler's own testimony confirming he had no admissible evidence that Vallot was instructed by another person to terminate him.  Metzler presented the affidavit of former city council member Kent Denapolis, in which Denapolis states that when he asked Vallot why Metzler was terminated, she answered "I like Joey. This is not my decision. It is out of my hands."  We agree with the district court that this evidence is inadmissible hearsay and therefore not competent summary judgment evidence.[3]  Even if admissible, the affidavit does little to suggest that a disputed fact exists as to Yenni's conduct.  Nor does any of the other evidence presented by Metzler.  Metzler has failed to respond to the Defendants' showing with competent summary judgment evidence demonstrating disputed issues of fact as to Yenni's conduct.

---

[3] See FED. R. CIV. P. 56(c); FED. R. EVID. 802; *see also Okoye v. Univ. of Tex. Hous. Health Sci. Ctr.*, 245 F.3d 507, 510 n.5 (5th Cir. 2001) ("Because these statements are hearsay, they are not competent summary judgment evidence.").

No. 16-31157

We also affirm the district court's grant of summary judgment to the defendants on Metzler's claims against the City of Kenner. "If the defendant is a municipality or other body of local government, the alleged deprivation must be connected to 'a government custom,' 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by the body's officers.'"[4]  Although "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances,"[5] such as the termination decision here,[6] that action must nonetheless be "taken by an official with 'final policymaking authority' in that area."[7]  Whether a person has such authority is a question of state and local law.[8]  Assuming, as the district court did, that Yenni instructed that Metzler be terminated, Yenni is not the final policymaker, as evidenced by the Kenner Civil Service Board's subsequent reinstatement of Metzler.[9]  Thus, Metzler's claim must fail.

\*        \*        \*

We AFFIRM the judgment of the district court for the reasons articulated in its opinion.

---

[4] *Jones v. Lowndes County*, 678 F.3d 344, 349 (5th Cir. 2012) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978)).

[5] *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).

[6] *See Jett v. Dall. Indep. Sch. Dist.*, 798 F.2d 748, 759 (5th Cir. 1986) (citing *Neubauer v. City of McAllen*, 766 F.2d 1567, 1573-74 (5th Cir. 1985)).

[7] *Jones*, 678 F.3d at 349-50 (quoting *Pembaur*, 475 U.S. at 483).

[8] *Pembaur*, 475 U.S. at 483; *Valle v. City of Houston*, 613 F.3d 536, 542 (5th Cir. 2010).

[9] *See Advanced Tech. Bldg. Sols., L.L.C. v. City of Jackson*, 817 F.3d 163, 167 (5th Cir. 2016) ("Because the council has the right of final review, it is the final policymaker.  This conclusion is consistent with cases in which we have found reviewability by another political body 'relevant to showing that an official is *not* a final policymaker.'" (quoting *Bolton v. City of Dallas*, 541 F.3d 545, 550 n.4 (5th Cir. 2008))).