# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30198

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2018

Lyle W. Cayce
Clerk

GIRAY C. BIYIKLIOGLU,

Plaintiff-Appellant

v.

ST. TAMMANY PARISH JAIL; U.S. MARSHAL; NICO PATERNOSTRO, Sheriff's Deputy; DAVID J. HORCHAR, Sheriff's Deputy; SHERIFF JACK STRAIN, Saint Tammany Parish; GENNY MAY, U.S. Marshall,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1684

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Giray C. Biyiklioglu, federal prisoner # 32447-034, moves for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his complaint filed pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Biyiklioglu alleged that the defendants were liable for the injuries he sustained when he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was attacked by his cellmate while he was in custody in the St. Tammany Parish Jail pursuant to an Intergovernmental Agreement between the United States Marshals Service and the St. Tammany Parish Jail.  The crux of his complaint was that the defendants failed to protect him from his cellmate when they knew or should have known of the danger his cellmate presented.

By moving to procced IFP, Biyiklioglu challenges the district court's determination that his appeal is not brought in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Biyiklioglu seeks to argue on appeal that the district court erred by granting summary judgment in favor of the state defendants "on grounds not requested by them" and failed to provide him with notice and an opportunity to respond; that the district court erred by granting summary judgment in favor of Marshal May without properly considering the allegations raised in his amended complaint; and that the district court erred by dismissing his claims against an unidentified marshal for failing to exhaust his administrative procedures.

Because the facts surrounding the IFP decision are inextricably intertwined with the merits of the appeal, we have considered the merits and conclude that the appeal should be dismissed.  *See id*. at 202 & n.24; 5TH CIR. R. 42.2.  Contrary to Biyiklioglu's assertion, the state defendants expressly argued in their motion for summary judgment that Biyiklioglu failed to exhaust his administrative remedies, and the district court determined that summary judgment was proper on that basis.  In light of his failure to discuss or challenge that determination and given that he raised in the district court only "unsubstantiated allegations" that he exhausted his administrative remedies, *Jones v. Lowndes County*, Miss., 678 F.3d 344, 348 (5th Cir. 2012) (internal quotation marks and citation omitted), which were refuted by

competent summary judgment evidence, *see Cowart v. Erwin*, 837 F.3d 444, 451 (5th Cir. 2016), Biyiklioglu has not shown that his appeal of the dismissal of his claims against the state defendants involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

As for his assertion that his amended allegations against Marshal May were not considered by the district court, that assertion is incorrect. The magistrate judge (MJ) addressed the amended allegations and expressly concluded that "[w]ithout additional factual allegations identifying the foundation for his assertions that May acted with actual knowledge and willful blindness, [Biyiklioglu's] conclusory allegations need not be accepted as true and are insufficient to withstand a motion to dismiss." The district court adopted the MJ's conclusions as its own. Biyiklioglu has not shown that his amended allegations "raise[d] a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). Accordingly, he has not shown a nonfrivolous issue for appeal regarding the district court's dismissal of his claims against Marshal May for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)(1); *Howard*, 707 F.2d at 220.

Finally, we do not address whether the Prison Litigation Reform Act's exhaustion requirement barred Biyiklioglu's claims against the deputy marshal who conducted a review of the St. Tammany Parish Jail because Biyiklioglu has failed to show that he would raise a nonfrivolous claim against the deputy marshal.

Because the appeal lacks arguable merit and is frivolous, *see Howard*, 707 F.2d at 220, the motion to proceed IFP on appeal is DENIED and the

appeal is DISMISSED as frivolous, *see Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g), *see Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). Biyiklioglu is therefore WARNED that if he accumulates three strikes under § 1915(g), he will not be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.