# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2020

Lyle W. Cayce
Clerk

No. 19-20840
Summary Calendar

Brett David Bogus,

*Plaintiff—Appellant*,

*versus*

Harris County District Attorney; City of Humble;
Tony Taylor; John Menna; Gladys Shirley Fitzgerald,
et al.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3264

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Brett David Bogus, Texas prisoner # 2023182, is serving a 20-year sentence imposed after he pleaded guilty to theft of more than $200,000. Bogus filed a civil rights action citing 42 U.S.C. § 1983, in which he named

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

50 defendants, most of whom are private citizens or entities. He also named the Harris County District Attorney's Office, the Harris County District Attorney and prosecutors, the former and current mayors of Humble, Texas, the city of Humble, the former police chief of Humble, and one of Humble's police officers. He alleged a vast conspiracy to defame and defraud him, to embezzle or convert his property, and to arrest and prosecute him maliciously without cause. Most of his claims were against private defendants and based on assertions that they made false statements to police and conspired to defame him and deprive him of his property by breaches of trust and various forms of fraud or theft.

The district court screened the case under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(I) & (ii) and dismissed the complaint as frivolous and for failure to state cause of action under § 1983. Bogus appealed.

To state a claim under § 1983, Bogus was required to "plead the operative facts upon which [his] claim is based. Mere conclusory allegations are insufficient. Equal specificity is required when a charge of conspiracy is made." *Holdiness v. Stroud*, 808 F.2d 417, 424 (5th Cir. 1987); *see Lynch v. Cannatella*, 810 F.2d 1363, 1370 (5th Cir. 1987). Furthermore, a § 1983 plaintiff must show that each "defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *Jones v. Lowndes Cty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012) (internal quotation marks and citation omitted).

The district court first held that all of the § 1983 claims were untimely under the applicable two-year statute of limitations. Bogus asserts incorrectly that the applicable Texas statute of limitations is the four-year period for fraud. In § 1983 actions, federal courts apply a state's statute of limitations for personal-injury, which in Texas is two years. *Winfrey v.*

*Rogers*, 901 F.3d 483, 492 (5th Cir. 2018). Texas equitable tolling principles also apply. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). But when a cause of action accrues is determined by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). The limitations period commences when the aggrieved party knows of the facts that form the basis of the cause of action. *Jensen v. Snellings*, 841 F.2d 600, 606 (5th Cir. 1988). The acts of which Bogus complains occurred prior to his 2015 conviction. Although Bogus contends that the limitation period for his false arrest claim began later, he does not assert specific facts to show that any defendant or circumstance prevented him from knowing about his alleged injuries until after that. His arguments about the statute of limitations are legally and factually frivolous.

The district court also dismissed the claims against private-citizen or "non-state" actors because Bogus failed to allege facts establishing that they conspired with state actors. "To state a cause of action under section 1983 the appellant must allege that the person who deprived him of a federal right was acting under color of law." *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004). Thus, for the private citizens to be liable under § 1983, Bogus would have to show a conspiracy between those defendants and state actors. *Id.* Thus he must allege specific facts showing "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights." *Id.* A private actor does not become a state actor or conspirator simply by providing information to police that leads to an arrest or prosecution. *See Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988). More significantly, no conspiracy claim is stated by Bogus's "murky allegations as to motive plus mere contact . . . linked together by speculation and conclusory allegations" without citing specific facts as to "the making or accepting of statements known to be false." *Cole v. Gray*, 638 F.2d 804, 811 (5th Cir. 1981); *see Lynch*, 810 F.2d at 1370; *Holdiness*, 808 F.2d at 424.

The district court also supported its dismissal by citing prosecutorial immunity, the nonexistence of municipal liability under § 1983, the bar against raising civil claims that impugn a criminal judgment under *Heck v. Humphrey*, 512 U.S. 477 (1994), and the related requirement that a challenge to a conviction or incarceration must be raised in a habeas corpus proceeding. Bogus offers no meritorious response to these rulings. Moreover, the district court's dismissal was definitively and adequately supported by its ruling of untimeliness and its conclusion that Bogus's vague and conclusional allegations failed to state a claim. In addition, the district court did not abuse its wide discretion by declining to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c)(3); *Heggemeier v. Caldwell Cty., Tex.*, 826 F.3d 861, 872 (5th Cir. 2016).

Bogus makes several motions including requests for release pending appeal, for appointment of counsel and an investigator, and to stay the appeal and remand the case so he can prepare a better record and file an amended complaint. He also moves to expedite the ruling on the motion to stay and remand. Because the appeal is wholly frivolous, we deny all of Bogus's motions.

The district court imposed a strike under § 1915(g). We deny Bogus's request to remove that strike, and we impose an additional strike for this frivolous appeal. *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir.1996). Bogus is warned that if he accumulates three strikes, he will no longer be allowed to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious bodily injury. *See* § 1915(g).

APPEAL DISMISSED; ALL MOTIONS DENIED; SANCTION WARNING ISSUED.